IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL T. BENSON,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:14-CV-2694-M-BK |
| JP MORGAN CHASE BANK N.A.,<br>BANK OF AMERICA & ALL OTHER<br>INTERESTED PARTIES<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Before the Court is *Defendants' Motion to Dismiss*, Doc. 7, Plaintiff's *Motion for Summary Judgment on Damages, Penalties, Attorney's Fees, Costs and Expenses Ex Parte Canon Law, True Bill Order, Bill of Cost*, Doc. 11, and Plaintiff's *Request/Application for Summary Judgment/Order Request for International Judicial Assistance (Letter Rogatory), to the Inter-American Convention on Letters Rogatory*, Doc. 15.  For the reasons that follow, it is recommended that Defendants' motion be **GRANTED**, and Plaintiff's motions be **DENIED AS MOOT**.

## I.  BACKGROUND

Defendant Bank of America N.A. purchased Plaintiff's real property located at 160 Palm Drive, Lancaster, Texas ("the Property"), at a non-judicial foreclosure sale held on September 7, 2010.  Doc. 8-1 at 3.  Plaintiff has previously litigated the Property's foreclosure in both state court and this Court.  *See* Doc. 8-1 at 6, 25.  The 116th Judicial District Court of Dallas County granted summary judgment in favor of Defendant JP Morgan Chase Bank N.A. ("Chase") on

April 26, 2012, Doc. 8-1 at 6–7, and this Court dismissed Plaintiff's claims against Bank of America on the basis of issue preclusion, Doc. 8-1 at 28–30, 34.

In this suit, initiated in state court, Plaintiff requests a temporary restraining order, temporary injunction, motion to compel, permanent injunction, writ of mandamus, and seeks damages "as required by [the] "Texas Election Code." Doc. 1-1 at 6–9. Although Plaintiff's allegations are, at the least, difficult to decipher, a liberal reading of his petition[1] suggests that he is again challenging the foreclosure sale of the Property. Plaintiff alleges that Defendants and others "failed to comply with Federal Rules of Civil Procedure, Texas R. Civ. P. 55(a), (b)(1)" and are thus "enjoined from confirming the Trustee sale on" the Property. Doc. 1-1 at 6. He also asserts that "Defendants are not Lawful Owners of Property or Holder in Due Course on the Official Dallas County Records . . . ." Doc. 1-1 at 8.

Defendants timely removed the case to this Court on July 28, 2014, and now move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 1; Doc. 7. Subsequent to the filing of Defendants' motion to dismiss, Plaintiff filed two motions for summary judgment, both essentially containing nonsensical and rambling allegations. Doc. 11; Doc. 15.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).

necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## III.  DISCUSSION

Defendants argue that Plaintiff is precluded from challenging the validity of the 2010 foreclosure of the Property because those issues were fully litigated in state court and this Court previously dismissed such claims on the basis of collateral estoppel.  Doc. 8 at 4–5.  Plaintiff's response to the motion consists of a list of federal statutes, which he quotes at length, and vague, senseless arguments about foreign law.  Doc. 9.

When a federal court is asked to give preclusive effect to a state court judgment, the court applies state preclusion principles.  *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).  Under Texas law, the doctrine of collateral estoppel, or issue preclusion, bars "relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992).  A party asserting collateral estoppel

must prove that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.  *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002).  Mutuality is not required; it is only necessary that the party against whom issue preclusion is sought was a party, or was in privity with a party, in the prior litigation.  *Eagle Props. Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990).

As this Court has previously concluded, Plaintiff is estopped from re-litigating the validity of the 2010 foreclosure and Bank of America's ownership of the Property.  Doc. 8-1 at 30.  In Plaintiff's state court lawsuit against Chase, servicer for Bank of America, Plaintiff challenged the foreclosure, claiming, *inter alia*, wrongful foreclosure, breach of contract, and fraud, and seeking declaratory judgment, injunctive relief, and to quiet title.  Doc. 8-1 at 8-9, 29. The state court agreed with Defendants that the underlying note and deed of trust were properly assigned to Bank of America, giving Chase, as servicer, the authority to initiate foreclosure proceedings, and granted summary judgment to Defendants.  Doc. 8-1 at 6, 23, 29–30.  And, as this Court later found in the previous federal action, these issues were essential to the state court's summary judgment in favor of Chase and were fully and fairly litigated.  Doc. 8-1 at 30. In addition, the party-adversaries in the state court case are the same as those here.  Doc. 8-1 at 30.  Thus, Plaintiff is precluded from re-litigating the validity of the foreclosure sale of the Property in this lawsuit.  *Kenedy Memorial*, 90 S.W.3d at 288.

Moreover, as Defendants correctly argue, Plaintiff has asserted no underlying cause of action upon which the injunctive relief he seeks can be based.  Doc. 8 at 3.  Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court

4

dismisses each of a plaintiff's underlying substantive law claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997 at *7 (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)). Because Plaintiff has not stated a claim for substantive relief, his claims for injunctive relief fail. *Wildy v. Wells Fargo Bank, N.A*., No. 12-CV-1831, 2013 WL 246860 at *6 (N.D. Tex. 2013) (Stickney, J).

Finally, even though Plaintiff's claim for damages under the Texas Election Code is not precluded by the collateral estoppel doctrine, it should nevertheless be dismissed. Plaintiff cites in support two sections of the Texas Election Code that cover liability relating to political campaign contributions, Doc. 1-1 at 9 (citing TEX. ELEC. CODE §§ 253.131–32), both of which are flatly irrelevant to the foreclosure of the Property. Even if Plaintiff were attempting to assert a cause of action independent of the foreclosure under these sections, he has failed to articulate any factual support of these claims, alluding only to "wrongful acts" by the Defendants. Doc. 1-1 at 9. Accordingly, this claim should be dismissed as well. *See Collins*, 224 F.3d at 498 (requiring a certain level of factual specificity, not conclusory allegations).

## IV. LEAVE TO AMEND

Ordinarily, the Court would recommend that Plaintiff be permitted to amend his complaint to cure the pleading defects identified by Defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (holding that a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable"). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004). Here, the Court has previously determined that Plaintiff's challenges to the

foreclosure sale of the Property are precluded by the doctrine of collateral estoppel based on the state court judgment.  Plaintiff offers nothing new in this lawsuit.  Consequently, granting leave to amend would be futile and cause needless delay.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561–62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## V.   CONCLUSION

Accordingly, it is recommended that *Defendants' Motion to Dismiss*, Doc. 7, be **GRANTED**, both Plaintiff's *Motion for Summary Judgment on Damages, Penalties, Attorney's Fees, Costs and Expenses Ex Parte Canon Law, True Bill Order, Bill of Cost*, Doc. 11, and Plaintiff's *Request/Application for Summary Judgment/Order Request for International Judicial Assistance (Letter Rogatory), to the Inter-American Convention on Letters Rogatory*, Doc. 15, be **DENIED AS MOOT**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 2, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7